```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SOFTWARE FOR MOVING, INC.,               :
                      Plaintiff,         :
                                         :
                -v-                      :       09 Civ. 4341 (DLC)
                                         :
YURI FRID, OZ MOVING AND STORAGE, INC.,  :       OPINION & ORDER
MEN ON THE MOVE SELF STORAGE CENTER,     :
INC., JOHN/JANE DOES 1-100, and XYZ      :
CORP.,                                   :
                      Defendants.        :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff:

Herman Victor Kamrowski
103-23 71st Rd., Ste 130
Forest Hills, NY 11375

For defendant Yuri Frid:

Yuri Frid, pro se
340 E. 93rd Street, #17D
New York, NY  10128

For defendant Oz Moving and Storage, Inc.:

James E. Iniguez
61 Broadway, Suite 1030
New York, NY 10006


DENISE COTE, District Judge:

    Plaintiff Software for Moving, Inc. ("SFM") brings this

action for copyright infringement, trademark infringement,

unjust enrichment, and breach of contract against defendants

Yuri Frid ("Frid"), Oz Moving and Storage, Inc. ("Oz"), and Men

on the Move Self Storage Center, Inc. ("Men on the Move"). Frid and Oz have moved to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, defendants' motions are granted in part.

BACKGROUND

The following facts are taken from the amended complaint and are assumed to be true for the purposes of this motion. SFM is a New York corporation in the business of developing and licensing software used by moving companies.[1] In 1990, SFM created a computer program called "Moving Manager" for storing, processing, and outputting tracking and billing information for moving companies. The original Moving Manager was written in the computer programming language Clipper for the database dBase, and operated on computers running DOS and Windows operating systems. In 1997, SFM registered Moving Manager with the United States Copyright Office.

In 1997, with the advent of the Windows 98 operating system, SFM created a new version of Moving Manager, called "Moving Manager for Windows." The new version of Moving Manager was identical in appearance, functionality, and output to the earlier version of Moving Manager, but was written in the

---

[1] SFM is the successor-in-interest to Safeguard Computer Services, Inc. ("Safeguard"). Safeguard changed its name to SFM in or about 2000 and will be referred to herein as SFM.

2

computer programming language Visual Basic for the database Microsoft Access. Moving Manager underwent yet another revision in 2001. The new version, also called "Moving Manager," was identical in appearance, functionality, and output to the earlier versions of the program, but was written in the computer programming language ASP for the database SQL.

Defendants Oz and Men on the Move are moving companies which licensed Moving Manager from SFM. The licensing agreements provided that Oz and Men on the Move would stop using and destroy their copies of Moving Manager when their respective licenses expired. After the licenses expired, however, Oz and Men on the Move continued to use Moving Manager without compensating SFM.

Defendant Frid was the owner of a small moving company, North Star Moving, Inc., located in Brooklyn, New York. Frid created a basic computer program to assist with his moving business (the "North Star program"). After writing the North Star program, Frid sold the moving business and entered the software business. Frid began marketing the North Star program to various moving companies in the New York City/New Jersey metropolitan area.

In 1999, Frid obtained access to a copy of SFM's Moving Manager through a now-defunct company called "Nice Mover," which had licensed a copy of Moving Manager from SFM. Using Nice

Mover's copy of Moving Manager, for which the license had expired in 1998, Frid reverse-engineered aspects of SFM's Moving Manager software to create his own moving software, which he called "eMover."  On December 28, 1999, Frid registered eMover with the United States Copyright Office under the name "eMoverPro."

Frid began to market his eMover software to potential clients, including defendants Oz and Men on the Move.  Oz and Men on the Move initially declined to purchase or license Frid's software because eMover's capabilities were insufficient to meet their needs.  They advised Frid, however, that if he could incorporate additional features of SFM's Moving Manager software into eMover, then they would purchase or license eMover from Frid.

Oz and Men on the Move provided Frid access to their copies of Moving Manager, for which the licenses had expired.  Frid circumvented the technical protections on Moving Manager, reverse-engineered the software, and modified eMover to incorporate certain features of Moving Manager.  The amended complaint alleges that Frid's reverse-engineering included directly copying large portions of Moving Manager's computer code, as well as copying Moving Manager's "organization, structure, layout, report generation routines, field size design, transferred data forms, and number system."  Frid

4

registered the new version of eMover with the United States Copyright Office.  Frid has sold and distributed copies of his eMover software.

On May 5, 2009, SFM initiated this action against Frid, Oz, and Men on the Move.  On August 7, after having failed to answer or otherwise respond to the complaint, a default was entered against Men on the Move.  On November 23, SFM filed an amended complaint against Frid, Oz, and Men on the Move for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"), and trademark infringement under N.Y. Gen. Bus. L § 360-k.  The amended complaint also asserts claims for unjust enrichment and breach of contract under New York common law against defendants Oz and Men on the Move.  On January 15, 2010, Frid and Oz separately moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  The motions became fully submitted on March 5.

## DISCUSSION

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949 (2009) ("Iqbal").  This rule "does not require 'detailed factual allegations,'" id. (quoting

5

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555); see also id. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

A trial court considering a Rule 12(b)(6) motion "accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt., LLC, 595 F.3d 86, 91 (2d Cir. 2010). To survive dismissal, "a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Id. (quoting Twombly, 550 U.S. at 555). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Applying the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and

6

common sense."  Id. at 1950.

1.  Copyright Infringement

Count One of the amended complaint asserts a claim for infringement under the Copyright Act against all defendants. "[T]o establish copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)); see also Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 701 (2d Cir. 1992) ("Altai").  A party may also be held liable as a vicarious or contributory infringer without having committed a direct infringement.  Faulkner v. Nat'l Geog. Enters. Inc., 409 F.3d 26, 40 (2d Cir. 2005).

In the context of computer programs,[2] a copyright protects programs "to the extent that they incorporate authorship in programmer's expression of original ideas, as distinguished from ideas themselves."  Altai, 982 F.2d at 703 (citation omitted). Copyright protection may extend to both "literal" and "non-literal" elements of a computer program.  Id. at 702; see also Softel v. Dragon Med. & Sci. Commn's, Inc., 118 F.3d 955, 963

---

[2] "A 'computer program' is a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result."  17 U.S.C. § 101 (2005).

7

(2d Cir. 1997); Fonar, 105 F.3d at 104.  The literal elements of the computer program are the source code and object code. Altai, 982 F.2d at 702.  The non-literal elements concern a program's architecture or structure, including "components such as general flow charts as well as the more specific organization of inter-modular relationships, parameter lists, and macros." Id.

The allegations in the amended complaint are sufficient to state a claim for copyright infringement against Frid and Oz. The amended complaint alleges that SFM obtained a valid copyright registration for Moving Manager in 1997.  It further alleges that Frid, with the assistance of Oz, gained access to copies of Moving Manager, lifted portions of Moving Manager's computer code, and copied elements of Moving Manager's structure to create eMover.  Thus, the amended complaint alleges that Frid's eMover infringed on both Moving Manager's literal and non-literal elements.  While the amended complaint fails to allege any facts to give rise to a direct infringement claim against Oz, it does contain sufficient allegations to suggest that Oz may, if SFM is able to prove its allegations, be held liable as a contributory infringer.

Frid argues that the amended complaint fails to allege that he copied protected material because it does not assert in which programming language either eMover or the version of Moving

8

Manager that Frid allegedly copied were written.  "While it is true that a plaintiff must allege with particularity the protected material to sustain a claim for copyright infringement, this requirement has been imposed in contexts addressing the merits of a claim, and not a motion to dismiss." Skelton Fibres Ltd. v. Canas, 96 Civ. 6031 (DLC), 1997 WL 97835, at *3 (S.D.N.Y. Mar. 6, 1997).  Moreover, SFM's infringement claim is not premised solely on Frid's alleged copying of Moving Manager's source code, but also certain non-literal elements of its structure.  While SFM will have to identify with particularity the copyrightable elements of Moving Manager that it contends were infringed in order to prevail on its claim, it need not plead such detail at this stage of the litigation. Oz's and Frid's motions to dismiss the copyright infringement claim are therefore denied.

2.   Trademark Infringement

Count Two of the amended complaint asserts a claim for trademark infringement under New York law against all defendants.  "[U]nder New York state law, a mark owner may maintain a statutory or common law action against a party who engages in unauthorized use of the mark."   ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 146 (2d Cir. 2007) (citing N.Y. Gen. Bus. L. § 360-k).  "As with the Lanham Act, a plaintiff

9

suing for trademark infringement under state law must prove that defendant's use of the mark is likely to cause confusion, mistake or to deceive." Biosafe-One, Inc. v. Hawks, 639 F. Supp. 2d 358, 367 (S.D.N.Y. 2009); accord Out of Box Promotions, LLC v. Koschitzki, 866 N.Y.S.2d 677, 681 (2d Dep't 2008); Beverage Mktg. USA, Inc. v. S. Beach Beverage Co., Inc., 799 N.Y.S.2d 242, 244 (2d Dep't 2005).

The amended complaint fails to state a claim for trademark infringement under N.Y. Gen. Bus. L. § 360-k.  Assuming, arguendo, that "Moving Manager" is a protectable mark, the amended complaint does not allege that Frid or Oz made any use of the mark.  Nor does the amended complaint allege that any such use of the mark was likely to cause confusion, mistake, or to deceive, and thereby divert business away from SFM. Accordingly, SFM's trademark infringement claim is dismissed for failure to state a claim upon which relief may be granted.

3.  Unjust Enrichment and Breach of Contract

Counts Three and Four of the amended complaint assert claims for unjust enrichment and breach of contract against Oz. Both claims are premised on SFM's allegation that Oz continued to use Moving Manager after its license expired without paying any compensation to SFM.

Recovery under the theory of unjust enrichment is available only in the absence of an enforceable agreement.  Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc., 448 F.3d 573, 586 (2d Cir. 2006).  Under New York law, a claim for unjust enrichment is generally barred where a prior agreement governs the rights of the parties with respect to the subject matter at issue.  "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."  In re First Cent. Fin. Corp., 377 F.3d 209, 213 (2d Cir. 2004) (quoting Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987)).  "Unjust enrichment may be plead in the alternative where the plaintiff challenges the validity of the contract; it may not be plead in the alternative alongside a claim that the defendant breached an enforceable contract."  King's Choice Neckwear, Inc. v. Pitney Bowes, Inc., No. 09 Civ. 3980 (DLC), 2009 WL 5033960, at *7 (S.D.N.Y. Dec. 23, 2009) (citing Steven Strong Dev. Corp. v. Washington Med. Assocs., 759 N.Y.S.2d 186, 191 (3d Dep't 2003)).

In this case, SFM's unjust enrichment claim is premised solely on Oz's purported failure to compensate SFM for its use of Moving Manager after its license expired.  The amended complaint alleges no facts that, in the absence of the licensing

11

agreement between SFM and Oz, would give rise to an unjust enrichment claim. Accordingly, SFM's unjust enrichment claim must be dismissed for failure to state a claim upon which relief may be granted.

SFM's breach of contract claim, however, survives. "To establish a prima facie case for breach of contract, a plaintiff must plead and prove: (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank, 392 F.3d 520, 525 (2d Cir. 2004). The amended complaint alleges that SFM had a licensing agreement with Oz pursuant to which Oz paid SFM to use Moving Manager for a definite period of time. The licensing agreement required that Oz stop using and destroy its copy of Moving Manager when its license expired. After the license expired, however, Oz allegedly continued to use Moving Manager without compensating SFM. SFM further alleges that Oz gave Frid access to Moving Manager in violation of the terms of the licensing agreement. These allegations are sufficient to give rise to a breach of contract claim. Accordingly, Oz's motion to dismiss the breach of contract claim is denied.

## CONCLUSION

Oz's and Frid's January 15, 2010 motions to dismiss the amended complaint are granted in part, and SFM's trademark infringement and unjust enrichment claims are dismissed with prejudice. The motions to dismiss are denied with respect to SFM's copyright infringement and breach of contract claims. The action shall proceed pursuant to a separate scheduling order to be issued with this Opinion.

SO ORDERED:

Dated:   New York, New York
         May 27, 2010

                                    _____
                                           DENISE COTE
                                    United States District Judge